DAVID C. SHONKA
Acting General Counsel

KERRY O'BRIEN (Calif. Bar No. 149264)
LINDA K. BADGER (Calif. Bar No. 122209)
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA 94103
(415) 848-5100 (voice)
(415) 848-5184 (fax)
kobrien@ftc.gov
lbadger@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Oakland Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SPRINGTECH 77376, LLC, et al.,<br><br>Defendants. | Case No. C 12-4631 PJH<br><br>[PROPOSED]<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT CHEMICAL FREE SOLUTIONS LLC |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for a permanent injunction and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendant Chemical Free Solutions LLC stipulate to the entry of this Stipulated Order for Permanent Injunction and

**Final Order re Chemical Free Solutions – C 12-4631 PJH**

Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive acts or practices in violation of Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, in the advertising of pest-control products.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorneys fees.

5. The FTC and Defendant Chemical Free Solutions LLC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "Defendant" means Chemical Free Solutions LLC.

B. "Pesticide" means any product intended to prevent, destroy, repel, or mitigate any pest.

C. "Specified product" means the Best Yet! product line.

## I.
## PROHIBITION ON DECEPTIVE
## PERFORMANCE AND EFFICACY CLAIMS

IT IS HEREBY ORDERED that Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or

otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting or offering for sale of the specified product, or any other pesticide, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation, other than representations covered under Section II of this Order:

    A.    that such product by itself is effective in stopping bed bug infestations;

    B.    that such product is effective in preventing bed bug infestations;

    C.    that such product is more effective than other products or services at stopping and preventing bed bug infestations; or

    D.    about the performance or efficacy of such product;

unless the representation is non-misleading, and, at the time such representation is made, Defendant possesses and relies upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true. For purposes of this Section, competent and reliable scientific evidence means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results.

## II.
## PROHIBITION ON HEAD LICE INFESTATION CLAIMS

IT IS FURTHER ORDERED that Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising,

marketing, promoting or offering for sale of the specified product, or any other drug or pesticide intended for the treatment of head lice in humans, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation that such product is effective in the treatment of head lice infestations unless the representation is non-misleading and such product:

    A.    is subject to a final OTC drug monograph promulgated by the Food and Drug Administration (FDA) for such use, and conforms to the conditions of such use;

    B.    remains covered by a tentative final OTC drug monograph for such use and adopts the conditions of such use; or

    C.    is the subject of a new drug application for such use approved by FDA, and conforms to the conditions of such use.

## III.
## PROHIBITION ON MISREPRESENTING ENDORSEMENTS OR AFFILIATIONS

IT IS FURTHER ORDERED that Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting or offering for sale of any good or service are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration:

    A.    that such product or service is endorsed or approved by, or otherwise connected to a government entity, third-party organization, or any other person;

   B.   that any person is affiliated with a government entity, third-party organization, or any other person; or

   C.   the existence or contents of any statement made by any government entity.

## IV.

## PROHIBITION ON MISREPRESENTING TESTS OR STUDIES

IT IS FURTHER ORDERED that Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting or offering for sale of any good or service are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, the existence, contents, validity, results, conclusions, or interpretations of any test, study, or research.

## V.

## MONETARY JUDGMENT AND SUSPENSION

IT IS FURTHER ORDERED that:

   A.   Judgment in the amount of One Hundred and Eighty Five Thousand, Two Hundred and Six Dollars ($185,206) is entered in favor of the Commission against Defendant as equitable monetary relief. The judgment shall be suspended subject to the Subsections below.

   B.   The Commission's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's sworn financial statement and related documents (collectively, "financial representations") submitted to the Commission, namely:

      1.   the Financial Statement of Defendant signed by Neil Goldstein, Chief Financial Officer, on September 11, 2012, including the attachments;

**Final Order re Chemical Free Solutions – C 12-4631 PJH**                                        Page | 5

    2. the additional documentation submitted by email from Defendant's counsel Travis B. Vargo to Commission counsel Kerry O'Brien and Linda Badger dated January 9, 2013, attaching all sales transactions relating to Best Yet! between April 1, 2012, and August 31, 2012.

  C. The suspension of the judgment will be lifted as to the Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

  D. If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection A. above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint between April 1, 2012, and August 31, 2012), less any payments made to the Commission by Defendant and other defendants subsequent to the entry of this Order, plus interest computed from the date of entry of this Order.

## VI.
## ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

  A. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise

  B. Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A)

1  of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have
2  collateral estoppel effect for such purposes.
3      C.    Unless they have already done so, Defendant is required, in
4  accordance with 31 U.S.C. § 7701, to furnish to the Commission its respective
5  Taxpayer Identifying Number (Employer Identification Number), which shall be
6  used for purposes of collecting and reporting on any delinquent amount arising out
7  of Defendant's relationship with the government.
8      D.    All money paid to the Commission pursuant to this Order may be
9  deposited into a fund administered by the Commission or its designee to be used
10 for equitable relief, including consumer redress and any attendant expenses for the
11 administration of any redress fund.  If a representative of the Commission decides
12 that direct redress to consumers is wholly or partially impracticable or money
13 remains after redress is completed, the Commission may apply any remaining
14 money for such other equitable relief (including consumer information remedies)
15 as it determines to be reasonably related to Defendant's practices alleged in the
16 Complaint.  Any money not used for such equitable relief is to be deposited to the
17 U.S. Treasury as disgorgement.  Defendant has no right to challenge any actions
18 the Commission or its representatives may take pursuant to this Subsection.

## VII.
## LIST OF CUSTOMERS

21     IT IS FURTHER ORDERED that Defendant, its officers, agents, servants,
22 employees, and attorneys, and all other persons in active concert or participation
23 with any of them who receive actual notice of this Order by personal service or
24 otherwise, are permanently restrained and enjoined from directly or indirectly:
25     A.    disclosing, using, or benefitting from customer information, including
26 the name, address, telephone number, email address, social security number, other
27 identifying information, or any data that enables access to a customer's account
28 (including a credit card, bank account, or other financial account), that any

**Final Order re Chemical Free Solutions – C 12-4631 PJH**      Page | 7

defendant obtained prior to entry of this Order in connection with the purchase of any specified product; and

  B. failing to dispose of such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order. Disposal must be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

  Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.
## COOPERATION

IT IS FURTHER ORDERED that Defendant must in good faith cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendant must appear, at such places and times as the FTC shall reasonably request, upon ten (10) days written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendant shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## IX.
## ORDER ACKNOWLEDGMENT

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 3 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.
## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

**Final Order re Chemical Free Solutions – C 12-4631 PJH**             Page | 9

B. For 10 years following entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of the Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Springtech 77376, LLC (X120042).

## XI.
## RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant must maintain the following records:

A. Accounting records showing the revenues from all products or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C. Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each advertisement or other marketing material.

## XII.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including the financial representations upon which the judgment was suspended:

A. Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with

1  Defendant who has agreed to such an interview.  The person interviewed may have
2  counsel present.
3      C.    The Commission may use all other lawful means, including posing,
4  through its representatives, as consumers, suppliers, or other individuals or entities,
5  to Defendant or any individual or entity affiliated with Defendant, without the
6  necessity of identification or prior notice.  Nothing in this Order limits the
7  Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of
8  the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED this 18th day of July, 2013.

_____
HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED:

FOR THE PLAINTIFF:  FEDERAL TRADE COMMISSION


    /s/ Kerry O'Brien_____                          Date: July 15, 2013

KERRY O'BRIEN, Attorney
LINDA K. BADGER, Attorney
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA  94103
(415) 848-5100 (voice)

(415) 848-5184 (fax)
kobrien@ftc.gov
lbadger@ftc.gov


FOR DEFENDANT CHEMICAL FREE SOLUTIONS LLC


_____          Date: 3/28/13
TRAVIS B. VARGO, Attorney
Fridge & Resendez LLC
3000 Smith Street
Houston, TX 77006
(713)226-9100(voice)
(713)226-9800(fax)
tvargo@frw-law.com

COUNSEL FOR CHEMICAL FREE SOLUTIONS LLC



DEFENDANT CHEMICAL FREE SOLUTIONS LLC




_____          Date: 03·28·13
Matthew Jones