DAVID C. SHONKA
Acting General Counsel

KERRY O'BRIEN (Calif. Bar No. 149264)
LINDA K. BADGER (Calif. Bar No. 122209)
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA  94103
(415) 848-5100 (voice)
(415) 848-5184 (fax)
kobrien@ftc.gov
lbadger@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
Oakland Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>SPRINGTECH 77376, LLC, a limited liability company, also d/b/a CEDARCIDE.COM and CEDARCIDESTORE.COM,<br><br>CEDARCIDE INDUSTRIES, INC., a corporation,<br><br>CHEMICAL FREE SOLUTIONS LLC, a limited liability company,<br><br>CEDAR OIL TECHNOLOGIES CORP., a corporation, and<br><br>DAVE GLASSEL, individually and as an officer of SPRINGTECH 77376, LLC, CEDARCIDE INDUSTRIES, INC., and CEDAR OIL TECHNOLOGIES CORP.,<br><br>Defendants. | No. C 12-4631 PJH<br><br>[~~PROPOSED~~]<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT DAVE GLASSEL** |

Final Order re Glassel – C 12-4631 PJH          Page 1

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for a permanent injunction and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), on September 5, 2012.

On October 1, 2012, Defendant Dave Glassel also filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq., in the Southern District of Texas, Houston Division, Case No. 4:12-bk-37253 ("Glassel Bankruptcy Case"). Lowell T. Cage was appointed the Chapter 7 trustee for Defendant Glassel. The Commission's action against Defendant Glassel, including the enforcement of a judgment other than a monetary judgment obtained in this action, is not stayed by 11 U.S.C. § 362(1), (2), (3), or (6), because it is an exercise of the Commission's police or regulatory power as a governmental unit pursuant to § 362(b)(4) and, thus, falls within an exception to the automatic stay.

The Commission, Defendant Glassel, and Lowell T. Cage, solely in his capacity as Chapter 7 bankruptcy trustee for Defendant Glassel, stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### **FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Commission's Complaint states claims upon which relief may be granted under Sections 5(a), 12 and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 52 and 53(b).

3. Defendant Glassel neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Pursuant to his authority as the chapter 7 trustee in the Glassel Bankruptcy Case, Lowell T. Cage, the chapter 7 trustee, may take any and all actions necessary and appropriate to enter into, implement, and effectuate the terms and conditions of this Order. Under such authority, he has agreed not to object to the allowance of a general unsecured claim in the Glassel Bankruptcy

Case in favor of the FTC in the amount of Four Million, Six Hundred and Eighty-Eight Thousand and Ninety-Nine Dollars ($4,688,099).

5. Defendant Glassel waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney's fees.

6. The FTC and Defendant Glassel waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "Settling Defendant" means Dave Glassel.

B. "Pesticide" means any product intended to prevent, destroy, repel, or mitigate any pest.

C. "Specified product" means the Best Yet! product line.

## I.
## PROHIBITION ON DECEPTIVE
## PERFORMANCE AND EFFICACY CLAIMS

IT IS HEREBY ORDERED that Settling Defendant, his officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting or offering for sale of the specified product, or any pesticide, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation, other than representations covered under Section II of this Order:

A. that such product by itself is effective in stopping bed bug infestations;

B. that such product is effective in preventing bed bug infestations;

C. that such product is more effective than other products or services at stopping and preventing bed bug infestations; or

D.     about the performance or efficacy of such product;

unless the representation is non-misleading, and, at the time such representation is made, Settling Defendant possesses and relies upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true.  For purposes of this Section, competent and reliable scientific evidence means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results.

## II.
## PROHIBITION ON HEAD LICE
## INFESTATION CLAIMS

IT IS FURTHER ORDERED that Settling Defendant, his officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting or offering for sale of the specified product, or any other drug or pesticide intended for the treatment of head lice in humans, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation that such product is effective in the treatment of head lice infestations unless the representation is non-misleading and such product:

A.     is subject to a final OTC drug monograph promulgated by the Food and Drug Administration (FDA) for such use, and conforms to the conditions of such use;

B.     remains covered by a tentative final OTC drug monograph for such use and adopts the conditions of such use; or

C.     is the subject of a new drug application for such use approved by FDA, and conforms to the conditions of such use.

## III.

## PROHIBITION ON MISREPRESENTING ENDORSEMENTS OR AFFILIATIONS

IT IS FURTHER ORDERED that Settling Defendant, his officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting or offering for sale of any good or service are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration:

    A.    that such product or service is endorsed or approved by, or otherwise connected to a government entity, third-party organization, or any other person;

    B.    that any person is affiliated with a government entity, third-party organization, or any other person; or

    C.    the existence or contents of any statement made by any government entity.

## IV.

## PROHIBITION ON MISREPRESENTING TESTS OR STUDIES

IT IS FURTHER ORDERED that Settling Defendant, his officers, agents, servants, and employees, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting or offering for sale of any good or service are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, the existence, contents, validity, results, conclusions, or interpretations of any test, study, or research.

## V.

## CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendant, his officers, agents, servants, and employees, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly:

A. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any defendant obtained prior to entry of this Order in connection with the purchase of any specified product; and

B. failing to dispose of such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order. Disposal must be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.

## COOPERATION

IT IS FURTHER ORDERED that Settling Defendant must in good faith cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendant must appear, at such places and times as the FTC shall reasonably request, upon ten (10) days written notice, for interviews, conferences, pretrial discovery, review of documents, and for such

other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Settling Defendant shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## VII.

## MONETARY JUDGMENT AND SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Four Million, Six Hundred and Eighty-Eight Thousand and Ninety-Nine Dollars ($4,688,099) is entered in favor of the Commission against the Settling Defendant as equitable monetary relief.

B. Settling Defendant further stipulates and agrees, pursuant to Section 502 of the Bankruptcy Code, 11 U.S.C. § 502, to the allowance of a general unsecured claim in the Glassel Bankruptcy Case in favor of the FTC in the amount of Four Million, Six Hundred and Eighty-Eight Thousand and Ninety-Nine Dollars ($4,688,099), and that the FTC is entitled to participate in any payments in the Glassel Bankruptcy Case paid on account of such allowed general unsecured claim.

C. The parties agree that settling Defendant was granted a discharge pursuant to 11 U.S.C. § 727 on March 5, 2013 (the "Discharge Order"). Unless and until such Discharge Order is modified or revoked, the FTC's remedies are limited by the Bankruptcy Code to Section VII.B hereof.

## VIII.

## ORDER ACKNOWLEDGMENT

IT IS FURTHER ORDERED that Settling Defendant obtain acknowledgments of receipt of this Order:

A. Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

     B.     For 3 years after entry of this Order, Settling Defendant for any business that he, individually or collectively with any other defendant, is the majority owner or directly or indirectly controls, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the advertising, marketing, promoting, or offering for sale of any good or service; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

     C.     From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendant make timely submissions to the Commission:

     A.     One year after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury.

          1.     Settling Defendant must:  (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other defendant (which Settling Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2. Additionally, Settling Defendant must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest; and (c) describe in detail Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

  B. For 10 years following entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1. Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Settling Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2. Additionally, Settling Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

  C. Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against Settling Defendant within 14 days of its filing.

  D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin:  FTC v. Springtech 77376, LLC (X120042).

## X.

## RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling Defendant, for any business in which he, individually or collectively with any other defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A.    Accounting records showing the revenues from all products or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.    Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.    A copy of each advertisement or other marketing material.

\\\
\\\
\\\
\\\
\\\

# XI.

# COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendant's compliance with this Order, including the financial representations upon which the judgment was suspended:

A. Within 14 days of receipt of a written request from a representative of the Commission, Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that, Settling Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order including one or more of the protections set forth in Rule 26 (c).

B. For matters concerning this Order, the Commission is authorized to communicate with Settling Defendant through undersigned counsel. If such counsel no longer represents the Settling Defendant, the Commission is authorized to communicate directly with such defendant. Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

\\\

\\\

\\\

## XII.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

this  18th   day of  July           , 2013.

_____
**HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE**

**STIPULATED AND AGREED:**

FOR THE PLAINTIFF:  FEDERAL TRADE COMMISSION

   /s/  Kerry O'Brien                               Date:  July 15, 2013

KERRY O'BRIEN, Attorney
LINDA K. BADGER, Attorney
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA  94103
(415) 848-5100 (voice)
(415) 848-5184 (fax)
kobrien@ftc.gov
lbadger@ftc.gov

Final Order re Glassel – C 12-4631 PJH        Page 12

FOR DEFENDANT DAVE GLASSEL

_[signature]_ Date: 5/13/2013

George F. May, BS, JD
TWOMEY | MAY, PLLC
2211 Norfolk, Suite 528
Houston, Texas 77098
(713) 659-0000 (voice)
(713) 943-6810 (fax)
george@twomeymay.com

AS COUNSEL FOR DAVE GLASSEL

SETTLING DEFENDANT: DAVE GLASSEL

_[signature]_ Date: 5-13-13

DAVE GLASSEL, INDIVIDUALLY

_[signature]_ Date: 5/14/13

LOWELL T. CAGE
Chapter 7 Trustee for
Settling Defendant Dave Glassel

Final Order re Glassel – C 12-4631 PJH        Page 13