UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br>v.<br>SPRINGTECH 77376, LLC, et al.,<br>Defendants. | Case No. 12-cv-04631-PJH<br><br>**ORDER TO SHOW CAUSE RE DEFENDANT GLASSEL'S REPRESENTATION** |

Defendant Dave Glassel is represented in this action by attorneys George Frederick May and Kirk Douglas Butterwick, serving as local counsel. Dkts. 16–17. Each has filed an appearance in this case, and neither has withdrawn as counsel of record. Mr. May signed the stipulated injunction on behalf of his client and entered by the court on July 18, 2013. Dkt. 73.

However, in response to plaintiff FTC's motion for contempt (Dkt. 91) and motion to modify the injunction (Dkt. 92) filed on January 9, 2018, and noticed for hearing on February 21, 2018, Glassel filed a combined opposition brief, which he signed purporting to be acting pro se. Dkt. 105. Glassel had not previously substituted himself to act as pro se in this matter, and neither attorney of record had requested to withdraw from representing Glassel.

Neither Glassel nor his attorneys appeared at the hearing on February 21, 2018. Because counsel for the FTC represented that she thought Glassel intended to appear, court staff contacted him by phone to ascertain whether he was planning to attend. Glassel advised that he would not be attending. He did not request a continuance or to appear by telephone. The hearing proceeded in his absence.

It is Glassel's choice whether to attend noticed hearings in this case. However, the court's concern is not that Glassel chose not to attend the hearing, but that he now appears to be representing himself even though he has not notified the court that he has discharged his lawyers. Although the right to proceed pro se in civil actions in the federal courts is guaranteed by 28 U.S.C. § 1654, the right is not unqualified. For example, a party seeking to represent himself must "clearly and unequivocally discharge any lawyer previously retained." Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998). A party does not have a right to self-representation and representation by counsel at the same time. Id.; Brasier v. Jeary, 256 F.2d 474, 478 (8th Cir. 1958); see also United States v. Olano, 62 F.3d 1180, 1193 (9th Cir. 1995); United States v. Bergman, 813 F.2d 1027, 1030 (9th Cir. 1987) ("A criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel.").

Similarly, counsel who make a formal appearance in this court are obligated to follow the Civil Local Rules of this court when withdrawing from a pending matter. Civil Local Rule 5-1(c)(2)(C) provides: "If a particular counsel ceases to be involved with a case when the party is still represented by other counsel, a Notice of Change in Counsel must be e-filed." Neither May nor Butterwick have made such a filing. If one of Glassel's two attorneys withdraws, "[t]he withdrawal of a party's sole remaining counsel is governed by Civil L.R. 11-5 and requires an order of the Court." Civ. L.R. 5-1(c)(2)(D). A party's sole remaining counsel can only be relieved by court order, which may be granted when accompanied by simultaneous pro se appearance of the party. Civ. L.R. 11-5(a)–(b). Accordingly, counsel may be relieved by court order if a request to withdraw is accompanied by defendant's substitution of himself to act pro se in this action.

THE COURT hereby ORDERS defendant Glassel to advise the court no later than March 16, 2018 whether he has discharged his attorneys and wishes to substitute in himself to proceed pro se, or whether he is still represented by his attorneys. If the latter, Glassel may not continue to file pleadings and briefs in this case.

THE COURT hereby ORDERS attorneys George May and Kirk Butterwick to

explain their status as Glassel's counsel of record and TO SHOW CAUSE why sanctions should not be imposed for their apparent failure to comply with the local rules of this court.

Responses required by this order must be filed by March 16, 2018. In lieu of responses, Glassel may file a substitution of himself pro se, and counsel may file a notice to withdraw.

**IT IS SO ORDERED.**

Dated: February 23, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge